IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Newport News Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 4:20-cr-14-HEH |
| ) | |
| CLIFTON JOHN TUCKER, III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Affirming the Magistrate Judge's Detention Order)

This matter is before the Court on Clifton Tucker's ("Defendant") Emergency Motion to Reopen the Detention Hearing, or in the Alternative, to Appeal the Detention Order to the District Court ("Appeal" ECF No. 33). Magistrate Judge Lawrence R. Leonard denied Defendant pretrial release on March 11, 2020, and ordered that Defendant be detained pending trial. (ECF No. 9.) Thereafter, Defendant filed an Emergency Motion to Revoke the Detention Order on April 2, 2020 (ECF No. 13), which the Magistrate Judge denied. (ECF Nos. 17, 20.) Defendant now brings this Appeal. Defendant contends that, due to the change in circumstances stemming from an outbreak of the novel coronavirus ("COVID-19") at Western Tidewater Regional Jail ("WTRJ"), Defendant should be allowed to be released on conditions pending sentencing as his medical conditions place him at risk for serious complications from COVID-19. The parties have filed memoranda in support of their respective positions, and the Appeal is now ripe for the Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral

argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J); *see also United States v. Burgess*, No. 2:17-CR-153, 2017 WL 6542939, at *1 (E.D. Va. Dec. 19, 2017) ("[T]he district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel."). For the reasons stated below, the Court will affirm the Magistrate Judge's pretrial detention order.

## I. BACKGROUND

The Newport News Police received a tip that "a tall heavyset, African-American man with a dreadlock hairstyle" was distributing drugs from Apartment 22 located at 434 Manor Road in Newport News on June 22, 2019. (Statement of Facts ¶ 1.) About a month later, on July 24, 2019, two officers on foot patrol near the apartment complex located at 434 Manor Road, recalling the tip, entered the hallway outside of Apartment 22. (*Id.* ¶ 2.) The officers smelled marijuana and tracked the scent to Apartment 22. (*Id.*) The officers then exited the building and saw a man matching the description provided in the tip and a woman leave Apartment 22. (*Id.* ¶ 3.) The man, later identified as Defendant, and a woman entered a white sedan. (*Id.*) After running the vehicle's license plates through VCIN, the officers learned that the owner, Latoya Garnett, had an outstanding arrest warrant. (*Id.*)

The officers then approached the vehicle and confirmed that the woman was Latoya Garnett. (*Id.* ¶¶ 3–4.) Upon approaching the vehicle, the officers smelled marijuana. (*Id.* ¶ 5.) After admitting that they resided in Apartment 22, Ms. Garnett and Defendant consented to a search of Apartment 22. (*Id.* ¶¶ 6–7.) During the search, the

2

officers discovered a loaded .38 caliber Smith & Wesson revolver found in a backpack belonging to Defendant. (*Id.* ¶¶ 8–9.)

On February 11, 2020, Defendant was indicted on a single count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1.) Magistrate Judge Leonard held Defendant's first detention hearing on March 11, 2020. (ECF No. 9.) The Magistrate denied Defendant pretrial release and entered a detention order, finding by clear and convincing evidence that there was no set of conditions of pretrial release that could ensure the public safety. (*Id.*; ECF No. 11 at 2; Tr. Hr'g Mar. 11, 2020, 15:23–16:6.) The Magistrate specifically found that: the weight of the evidence was strong; Defendant has an extensive and violent criminal history along with a history of alcohol and substance abuse; Defendant did not have stable employment nor a permanent residence; Defendant has previously failed to appear in court; and Defendant has violated the conditions of supervised release, committing his current offense while on supervised release by the Richmond Division of this Court. (ECF No. 11 at 2–3.)

In denying Defendant pretrial release, the Magistrate found it noteworthy that Defendant was convicted of assaulting his mother—his proposed third-party custodian—and that he also violated a protective order entered against him. (*Id.* at 3; Tr. Hr'g Mar. 11, 2020, 14:19-25.) Moreover, Defendant has a prior assault conviction for assaulting his girlfriend, Ms. Garnett, a potential witness in this case. (Tr. Hr'g Mar. 11, 2020, 15:1–6.) Thus, the Magistrate found it appropriate to enter a detention order for Defendant pending trial. (ECF No. 11.)

Shortly after COVID-19 was declared a global pandemic, Defendant filed an Emergency Motion to Revoke Detention Order on April 2, 2020. (ECF No. 13.) The Magistrate held another detention hearing (ECF No. 17) and reaffirmed the detention order. (ECF Nos. 17, 20.) In that motion, Defendant alleged that his serious medical conditions of asthma, hypertension, and obesity elevates his risk of developing serious complications from COVID-19. (ECF No. 13.) Defendant also argued that the conditions at WTRJ could result in a potential outbreak. (*Id.*) Thus, Defendant contended that there was a change in circumstance that required his release pending trial. (*Id.*) The Government argued that an outbreak at WTRJ was speculative and the factors under 18 U.S.C. § 3142(g) weighed greatly in favor of detaining Defendant due to his criminal history. (ECF No. 15.)

Ruling from the bench, Magistrate Judge Leonard found that there was insufficient information regarding Defendant's specific physical condition despite Defendant's increased risk as a result of his preexisting conditions. (Tr. Hr'g Apr. 13, 2020, 17:5–17; *see also* Apr. 15, 2020 Order at 6–7, ECF No 20.) Moreover, Defendant could increase the risk of exposure to his sister—an additional proposed third-party custodian—and will still be exposed to the virus at his proposed place of employment upon release. (Tr. Hr'g Apr. 13, 2020, 19:19-22; Apr. 15, 2020 Order at 7.) Regardless of Defendant's increased risk of contracting serious complications from a COVID-19 infection, the Magistrate found that "the original grounds supporting Defendant's detention are compelling . . . . because the Court could not fashion conditions of release that would reasonably assure the Defendant would not pose a risk of harm to any other person." (Apr. 15, 2020 Order

4

at 5.) The Magistrate found that there was neither an insufficient change in circumstances nor a compelling reason that would permit Defendant's release under § 3142(i). (*Id.* at 9; Tr. Hr'g Apr. 13, 2020, 20:1–5.)

On August 7, 2020, Defendant pled guilty to the single count indictment, admitting to the charge and the facts described above. Defendant is currently set to reappear before this Court for sentencing on January 4, 2021. In the interim, Defendant filed the current Appeal, seeking the detention order revoked and to be released on conditions pending sentencing. At that time, Defendant states he will surrender to the Bureau of Prisons to serve out the remainder of his sentence. In support of his release for the next three months, Defendant alleges that the outbreak at WTRJ and additional medical information now present sufficiently compelling reasons for his release. As elaborated below, the Court finds that Defendant has not provided a compelling rationale to permit his release and will affirm the Magistrate's detention order.

## II. STANDARD OF REVIEW

"A defendant ordered detained by a magistrate may seek de novo review in the district court." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citing 18 U.S.C. § 3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted); *see also United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citations omitted).

5

When a defendant seeks release pending sentencing, a court "shall order that a person who has been found guilty of an offence and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release." 18 U.S.C. § 3143(a). To determine whether a person is a flight risk or danger to the community, "courts consider the following factors: (1) the nature and circumstance of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release." *United States v. King*, No. 4:19-cr-77, 2020 WL 1915241, at *2 (E.D. Va. Apr. 20, 2020) (citing 18 U.S.C. § 3142(g)).

Courts may impose pretrial detention if the court lacks "reasonable assurance of either the defendant's appearance or the safety of others or the community." *Stewart*, 19 F. App'x at 48; *see also King*, 2020 WL 1915241, at *2 ("The Bail Reform Act of 1984 provides that a defendant shall be detained pending trial if a Court finds, by clear and convincing evidence 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" (quoting 18 U.S.C. § 3142(e)).

### III. DISCUSSION

While the Court operates under the presumption that Defendant should be detained pending sentencing pursuant to § 3143(a), the Court may permit Defendant to be released

6

on supervision should the Court find, by clear and convincing evidence, there is a sufficiently compelling reason to permit release and Defendant's release is supported by the § 3142(g) factors. As to the first factor, the nature and circumstances of the offense charged, Defendant was indicted for violating § 922(g) by being a felon in possession of a firearm. While this is not a particularly dangerous crime, the remaining factors do not weight in favor of Defendant's release.

Regarding the second factor, Defendant has a long criminal history, going back to when he was 17 years old. (Tr. Hr'g Mar. 11, 2020, 7:14–15.) Defendant has numerous convictions for possession and distribution of controlled substances. (*Id.* 9:4–9.) Defendant also has been convicted for many violent offenses, including multiple assault and batteries, a hit and run, and a malicious burning. (*Id.* 9:9–12.) Not only does Defendant have a long and violent criminal history, Defendant has a plethora of charges related to noncompliance with court mandates: Defendant has nine failure to appears on his record along with two failures to comply with a court order, a failure to comply with a protective order, two charges for contempt of court, and revocation of probation for violating a condition of his suspended sentence. (*Id.* 8:20-9:2.) Defendant's failure to comply with court-ordered conditions makes this Court question whether Defendant can comply with the conditions of release. This concern is only buttressed by the fact that Defendant committed this current offense while under court supervision. Thus, the Court finds that the second and third § 3142(g) factors weigh in favor of affirming the detention order.

As to the final § 3142(g) factor, Defendant poses a serious threat to others and the community. Not only does he have a violent criminal history, but he has assaulted not only one of his proposed third-party custodians—his mother—but he also assaulted Ms. Garnett, his girlfriend and a witness in this case. (Tr. Hr'g Mar. 11, 2020, 7:14–15.) This suggests that Defendant poses a serious danger to those around him as well as the community as a whole.

Although the § 3142(g) factors weigh against his release, Defendant contends that, in light of the COVID-19 outbreak at WTRJ, and his medical conditions and his increased risk for developing serious complications from COVID-19 present an extraordinary and compelling reason for release. (Appeal at 1.) Defendant lists several medical conditions supporting his contention that he is particularly susceptible to COVID-19: obesity, moderate asthma, and hypertension, for which he manages with medications. (*Id.*) Obesity does increase the risk of complications from COVID-19, but, moderate asthma and hypertension only may cause an increased risk of serious illness. *People With Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL (Oct. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 7, 2020).

WTRJ, where Defendant is currently detained, does currently report over a hundred active cases of COVID-19. *See* Western Regional Tidewater Jail, Media Release, https://www.wtrj.org/ (last visited Oct. 7, 2020). However, all of the inmates either exhibited mild symptoms or were asymptomatic, with WTRJ reporting no hospitalizations. *Id.* Even so, WTRJ has taken numerous precautions to ensure inmate

8

safety, such as requiring masks, isolating sick individuals, and ensuring that the jail remains on lockdown status. Moreover, these numbers pale in comparison to the cases present in both Richmond (reporting 4,792 cases) and Norfolk (reporting 4,968 cases), where Defendant's proposed third-party custodians live. *COVID-19 in Virignia: Locality*, VA. DEP'T OF HEALTH, https://www.vdh.virginia.gov/coronavirus/-coronavirus/covid-19-in-virginia-locality/ (last visited Oct. 7, 2020).

Furthermore, in the event that Defendant was released, Defendant does not persuade this Court that the health risks his release may impose upon the public and upon Defendant's family, who have agreed to assist Defendant upon his release, would be justified. *See United States v. Feiling*, _ F. Supp. 3d _, 2020 WL 1821457, at *8 (E.D. Va. Apr. 10, 2020) (explaining that a defendant's family members would be subject to compounded risks because they would likely have to provide for the defendant, which requires venturing out into the community). Thus, it appears to this Court that releasing him is not a viable alternative, particularly for only three months until his sentencing.

## IV. CONCLUSION

In sum, the Court finds that there are no conditions that can be imposed to ensure the safety of the community and Defendant does not present extraordinary or compelling reasons to be released on conditions pending sentencing. Accordingly, this Court will affirm the Magistrate Judge's detention orders (ECF Nos. 11, 17, 20) and will deny Defendant's Emergency Motion to Reopen the Detention Hearing, or in the Alternative, to Appeal the Detention Order to the District Court (ECF No. 33).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 7, 2020
Richmond, Virginia